## Kimmel *v.* M'Right.

1. A purchase by one indebted, in the name of a natural child, being intended to delay, &c., under 13 Eliz., may be avoided by a purchaser at sheriff's sale of the title of the father.
2. Declarations of intentions, in making such purchase, admissible in evidence.

Error to the Common Pleas of Westmoreland county.

The plaintiff, as purchaser of George Kimmel's estate at sheriff's sale, brought ejectment against him. It appeared from the evidence, that Obadiah, a natural son of George, claimed the property under a conveyance from a stranger, and that his father lived in the house with him; but he was not named defendant on the record.

To avoid the effect of this conveyance, plaintiff showed that at the time of this purchase, which was subsequent to his judgment, Obadiah was but fourteen or sixteen years old. That his father made the bargain and handed him the money to pay the price. The defendant objected to evidence of a declaration by George Kimmel, that "he would buy land in Obadiah's name." The court told the jury the purchaser was entitled to recover, if George Kimmel had any beneficial interest in the land; that if he made the purchase at the time, and was indebted, a resulting trust would arise to him; though, as a general rule, such a trust would not arise, where the payment was not with consent of the grantee. Or if the jury found the purchase was with intent to defraud his creditors, they would be entitled to retain it, under 13 Eliz., against Obadiah.

The fourth point of defendant was, "That a man indebted is not prevented or prohibited by law from making a present of money, if he has it, to his children, that it is no fraud to do so." "We answer that the law is the reverse of the statement in this proposition."

*Coulter*, for plaintiff in error, cited 1 Lord Ray. 68; 1 T. R. 101; 5 Watts, 408; 1 Ashm. 55.

*Nicholls* and *Forbes*, contrà.

Rogers, J.—No exception can be taken to the general charge, nor to the answer to the points, except the fourth. The court are made to say, that a man is prohibited from making a present of money to his children. As an abstract principle, nothing can be more erroneous, for undoubtedly, a man may do as he pleases with his own property. But the court must have intended, as appears very clearly from the

general tenor of the charge, that a man who is largely indebted in proportion to his means, cannot give his property to his children at the expense of his creditors. And this certainly is the law, a man must be just before he is generous. The title to the land passed from the several grantors to Obadiah; and as against his father, as it appears to have been a gift, he might have held the land. But the father, at the time of the several conveyances, was largely indebted; and these conveyances to his son were devices to cheat and defraud his creditors. As against them, by the statute of fraudulent conveyances, the title is utterly void.

We see no cause for complaint, admitting even the testimony of the declarations of Dr. Kimmel, that "now he would buy land, and that he would buy in Obadiah's name." If he was indebted at the time the declarations were made, it is pertinent testimony; if he was not, it is evidence in the defendant's favour, as it shows his honesty of purpose. In no point of view is he injured, and the court would be badly employed in reversing judgments for errors which work no mischief.

Judgment affirmed.